UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SOURCE GLOBAL, PBC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 22-00009 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiff SOURCE Global, PBC, through its attorney, alleges and states as follows:

**JURISDICTION & PARTIES**

1. This action is brought pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (the "Act"), and pursuant to 28 U.S.C. § 1581(c), which give this Court jurisdiction to review certain determinations issued by the U.S. Department of Commerce (the "Department") under section 751 of the Act, 19 U.S.C. § 1675.

2. This action challenges the final results issued by the Department pursuant to sections 751(d)(1) and 728(h) of the Act and 19 C.F.R. § 351.222(g) in the changed circumstances reviews of the antidumping and countervailing duty orders on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Changed Circumstances Reviews, and Revocation of the Antidumping and Countervailing Duty Orders, in Part*, 86 Fed. Reg. 71,615 (Dep't of Commerce Dec. 17, 2021) ("*Final Results*").

3.      This Court has the authority to grant the relief requested by Plaintiff pursuant to 28 U.S.C. § 2643(c)(1).

4.      Plaintiff is a United States importer of certain off-grid portable small crystalline silicon photovoltaic panels, the merchandise subject to the *Final Results*.  In addition, Plaintiff requested and participated in the changed circumstances reviews in which the Department issued the *Final Results*.  Plaintiff is, therefore, an "interested party" within the meanings of sections 771(9)(B) and 516A(f)(3) of the Act, as amended, 19 U.S.C. §§ 1677(9)(B) and 1516a(f)(3), that was a party to the proceeding in which the Department issued the *Final Results*.  Plaintiff is injured by the errors complained of herein.

5.      Defendant is the United States of America.

## TIMELINESS

6.      The Department published the Final Results on December 17, 2021.  *See Final Results* at 71,615.

7.      Plaintiff commenced this action by filing a Summons.  The Summons was filed on January 14, 2022, within 30 days after the date of publication of the *Final Results*.  This Complaint is being filed on February 11, 2022, within 30 days after the filing of the Summons.  Thus, the action is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A).

## PROCEEDINGS BELOW

8.      On December 7, 2012, the Department published the antidumping duty ("AD") and countervailing duty ("CVD") orders on crystalline silicon photovoltaic cells, whether or not assembled into modules ("Solar Cells"), from the People's Republic of China.  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping*

*Duty Order,* 77 Fed. Reg. 73,018 (Dep't of Commerce Dec. 7, 2012) ("*AD Order*"); *see also Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Countervailing Duty Order,* 77 Fed. Reg. 73,017 (Dep't of Commerce Dec. 7, 2012) ("*CVD Order*") (collectively "*Orders*").

9. On December 4, 2020, Plaintiff requested, through changed circumstances reviews, revocation of the *Orders*, in part, with respect to certain off-grid small portable crystalline silicon photovoltaic ("CSPV") panels pursuant to section 751(b)(1) of the Act, as amended, and 19 CFR 351.216 (b). *See Final Results,* 86 Fed. Reg. at 76,615.

10. On March 30, 2021, the Department published the notice of initiation of the changed circumstances reviews. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Notice of Initiation of Changed Circumstances Reviews, and Consideration of Revocation of the Antidumping and Countervailing Duty Orders in Part*, 86 Fed. Reg. 16,585 (Dep't of Commerce March 30, 2021).

11. On June 28, 2021, the Department published the preliminary results of the changed circumstances reviews. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Changed Circumstances Reviews, and Intent To Revoke the Antidumping and Countervailing Duty Orders, in Part*, 86 Fed. Reg. 33,982 (Dep't of Commerce June 28, 2021) ("*Preliminary Results*"). In the *Preliminary Results*, the Department determined that "changed circumstances warrant[ed] the revocation of the *Solar Cells Orders*, in part," and notified the public of the agency's intent to revoke the *Orders* accordingly. *See id.* at 33,983-84.

12. On December 17, 2021, the Department published the *Final Results*. In the *Final Results*, the Department revoked, in part, the *Orders* with respect to certain off-grid small

portable CSPV panels. *See generally Final Results*. As explained in the *Final Results*, the Department's general practice is "to instruct U.S. Customs and Border Protection (CBP) to liquidate without regard to antidumping and countervailing duties, and to refund any estimated antidumping and countervailing duties on, all unliquidated entries of the merchandise covered by a revocation that are not covered by the final results of an administrative review or automatic liquidation." *Id.* at 71,617. The Department determined that the effective date of partial revocation would be December 1, 2020, for the *AD Order*, and January 1, 2020, for the *CVD Order*, and applied the *Final Results* to "all unliquidated entries of the merchandise covered by the revocations which have been entered, or withdrawn from warehouse, for consumption on or after December 1, 2020, for the *AD Order*, and January 1, 2020, for the *CVD Order*." *Id.*

13.   On December 17, 2021, Plaintiff timely filed ministerial error comments. *See* Letter from Plaintiff to Dep't of Commerce re: Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the People's Republic of China; SOURCE Global, PBC Changed Circumstances Review Request; Final Results of Reviews; SOURCE Global, PBC Ministerial Error Comments (Dec. 17, 2021) (Barcode 4192704-01) ("Ministerial Error Cmts.").

14.   On February 4, 2022, the Department rejected Plaintiff's ministerial error comments. *See* Mem. From Thomas Hanna to Abdelali Elouaradia re: Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Ministerial Error Allegation in the Final Results of the Changed Circumstances Reviews Requested by SOURCE Global, PBC (Dep't of Commerce Feb. 4, 2022) (Barcode 4208764-01) ("Ministerial Error Mem.").

- 5 -

## STATEMENT OF CLAIMS

**Count I:** **Failure to Revoke the *Orders*, in Part, With Respect to Unliquidated Entries that Are not Covered by the Final Results of an Administrative Review or Automatic Liquidation**

15. Plaintiff herein incorporates by reference paragraphs 1 through 14, *supra*, of this Complaint.

16. Pursuant to section 751(d)(3) of the Act, revocations of AD/CVD orders "shall apply with respect to unliquidated entries of the subject merchandise which are entered, or withdrawn from warehouse, for consumption on or after the date determined by the administering authority[,]" *i.e.*, the Department.  19 U.S. C. § 1675(d)(3).

17. As explained in the Final Results, it is the Department's general practice, to apply revocations of AD/CVD orders to "*all unliquidated entries of the merchandise covered by a revocation that are not covered by the final results of an administrative review or automatic liquidation*." *Final Results* at 71,617 (emphasis added).

18. In the *Final Results*, the Department failed to apply the partial revocations in accordance with the agency's general practice.

19. The Department selected "December 1, 2020, for the *AD Order,* and January 1, 2020 for the *CVD Order*" as the starting dates for the partial revocations. *Id.* However, at the time of publication of the *Final Results*, the Department was conducting two administrative reviews of the *Orders*, an AD review covering the period from December 1, 2019 through November 30, 2020 and a CVD review covering calendar year 2019.  *See* Ministerial Error Cmts. at 3.  The periods precede the dates selected by the Department as the starting dates for the partial revocations.  Because the reviews were ongoing at the time of the publication of the *Final*

*Results*, there were unliquidated entries of relevant merchandise that were not covered by the final results of AD/CVD administrative reviews.  *See id.*

20.     Moreover, the Department's automatic liquidation instructions for these reviews expressly exclude from liquidation entries for dozens of companies covered by the administrative reviews and for which liquidation continues to be suspended.  *See* Ministerial Error Mem. at 4, n.12; *see also* U.S. Customs and Border Protection Message No. 1078402 (March 19, 2021); U.S. Customs and Border Protection Message No. 1077409 (March 18, 2021).  These excluded companies are those that continued to be respondents in the ongoing administrative reviews.  Thus, at the time of the publication of the *Final Results*, there were unliquidated entries of relevant merchandise prior to the revocation dates selected by the Department that were also not covered by automatic liquidation.

21.     By selecting the dates identified in the *Final Results* for application of the partial revocations, the Department excluded prior, unliquidated entries that were not subject to final results of an administrative review or automatic liquidation.  Doing so was contrary to the Department's stated practice.

22.     Accordingly, the Department's decision to revoke the *Orders* as to December 1, 2020 for the *AD Order* and January 1, 2020 for the *CVD Order* is contrary to the Department's practice, is erroneous, is unsupported by substantial evidence, and is otherwise contrary to law.

## **RELIEF REQUESTED**

23.     Wherefore, Plaintiff respectfully requests that this Court (a) find that the Department's decision regarding the dates to which the partial revocations should be applied, as described in Count I above, was unsupported by substantial evidence and otherwise not in accordance with law; (b) order that this case be remanded to the Department for further

proceedings consistent with the judgment of this Court; and (c) provide such other relief as this Court deems appropriate, just and proper.

          Respectfully submitted,

          /s/ Martin Schaefermeier
          Martin Schaefermeier
          DLA Piper LLP (US)
          500 Eighth Street, N.W.
          Washington, D.C.  20004
          (202) 799-4423
          martin.schaefermeier@dlapiper.com

          Counsel for SOURCE Global, PBC

Dated:  February 11, 2022

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Complaint was served on the following parties by certified mail, return receipt requested, on this 11th day of February, 2022.

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
Room 346
26 Federal Plaza
New York, NY  10278

Leslie Kiernan
General Counsel
U.S. Department of Commerce
Herbert C. Hoover Building
14th & Constitution Avenue, NW
Washington, DC  20230

John R. Magnus,
TradeWins LLC
1330 Connecticut Avenue, NW
Washington, DC  20036

Timothy Brightbill
Wiley Rein LLC
2050 M Street, NW
Washington, DC  20036

/s/ Martin Schaefermeier
Martin Schaefermeier